**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4604

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTWON LASHAWN MOSS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00417-WO-1)

Submitted:  November 21, 2023                    Decided:  November 27, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Lisa S. Costner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Craig Matthew Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montwon Lashawn Moss pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[*] The district court sentenced Moss below the Sentencing Guidelines range to 228 months' imprisonment and he now appeals. Moss's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Moss's sentence is reasonable. Moss did not file a supplemental pro se brief after being notified of his right to do so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Moss's plea agreement. For the following reasons, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). We generally will enforce a waiver if it is valid and the issue being appealed falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). A defendant's waiver of appellate rights is valid if he entered it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Based on our review of the plea agreement and the transcript of the Fed. R. Crim.

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g)(1) offenses; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g)(1) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Moss committed his offense before the June 25, 2022, amendment of the statute.

P. 11 hearing, we conclude that Moss knowingly and voluntarily pleaded guilty and waived his right to appeal, with limited exceptions, and that the waiver is valid and enforceable. Moreover, the issues counsel seeks to raise on appeal fall squarely within the scope of Moss's appellate waiver. Accordingly, we grant the Government's motion to dismiss Moss's appeal as to all issues within the waiver's scope and, having identified no potentially meritorious issues that would fall outside the scope of Moss's valid appellate waiver, we affirm the remainder of the district court's judgment.

This court requires that counsel inform Moss, in writing, of the right to petition the Supreme Court of the United States for further review. If Moss requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*